AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

| | |
|---|---|
| IN RE:<br>EX PARTE APPLICATION OF ALONSO<br>ANCIRA ELIZONDO FOR AN ORDER<br>TO OBTAIN DISCOVERY FOR USE IN<br>FOREIGN PROCEEDINGS PURSUANT<br>TO 28 U.S.C. § 1782 | ) |
| _____<br>*Plaintiff* | ) |
| v. | )     Civil Action No. |
| | ) |
| _____<br>*Defendant* | )<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                          UBS AG
_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Wiggin and Dana LLP<br>One Century Tower, P.O. Box 1832<br>New Haven, CT 06508-1832 | Date and Time:<br><br>09/28/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Alonso Ancira Elizondo _____ , who issues or requests this subpoena, are:

Kevin M. Smith and David Norman-Schiff, Wiggin and Dana LLP, One Century Tower, PO Box 1832, New Haven, CT

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## <u>REQUESTS FOR PRODUCTION FROM UBS AG</u>

### <u>DEFINITIONS</u>

Unless otherwise defined, all words and phrases used in these requests for production ("<u>Requests</u>") shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used herein, the words set forth below shall be defined as follows:

1.    The obligations and rules of construction set forth in Local Rule 26 are incorporated in this Request, including as to the term "concerning."

2.    "Agreement" is used in its broadest ordinary sense and shall mean any oral or written act or arrangement regarding a course of action, including but not limited to Contracts (as defined below).

3.    "Communication" has the same meaning as that set forth in Local Rule 26.

4.    "Contract" is used in its broadest ordinary sense and shall mean a legally binding Agreement between two or more persons.

5.    "Document" has the same meaning as that set forth in Local Rule 26.

6.    "Emilio Lozoya" shall mean Emilio Ricardo Lozoya Austin, the former beneficial owner of the UBS Account.

7.    "Gilda Lozoya" shall mean Gilda Susana Lozoya Austin, Emilio Lozoya's sister and beneficial owner of the UBS Account.

8.    "Invoice" is used in its broadest ordinary sense and shall mean a list of goods shipped or services provided and amounts owed for same.

9.    "Subject Transactions" shall mean (i) five transfers from Altos Hornos de México, S.A.B. de C.V. ("<u>AHMSA</u>") to the UBS Account; and (ii) two transfers from the UBS Account to Intercam Casa de Bolsa SA de CV / Maria del Carmen Ampudia Cardenas (No. 36888689).

**Figure 1** lists the Subject Transactions, which, upon information and belief, are all denominated in U.S. dollars ("USD") and thus likely to have been cleared by UBS's Stamford branch.

| Figure 1.  Subject Transactions | | | |
|---|---|---|---|
| **Date (Approximate)** | **Sender** | **Recipient** | **Amount (USD)** |
| June 12, 2012 | AHMSA | UBS Account | 500,000 |
| November 1, 2012 | AHMSA | UBS Account | 1,000,000 |
| November 7, 2012 | UBS Account | Intercam Casa de Bolsa SA de CV / Maria del Carmen Ampudia Cardenas (No. 36888689) | 1,500,000 |
| November 9, 2012 | AHMSA | UBS Account | 1,000,000 |
| November 13, 2012 | UBS Account | Intercam Casa de Bolsa SA de CV / Maria del Carmen Ampudia Cardenas (No. 36888689) | 1,080,000 |
| November 16, 2012 | AHMSA | UBS Account | 100,000 |
| November 28, 2012 | AHMSA | UBS Account | 800,000 |

10.     "Tochos Holding" shall mean: (i) Tochos Holding Limited, a British Virgin Islands ("BVI") company; (ii) any parents, subsidiaries, affiliates, segments, or divisions both presently existing and those that previously existed of Tochos Holding Limited; and/or (iii) any present or former officers, directors, employees, consultants, contractors, agents, members of the board of directors, or members of the board of trustees of Tochos Holding Limited.

11.     "Transaction(s)" shall mean all deposits, withdrawals, incoming wire transfers, outgoing wire transfers, charges, payments, purchases, returns, bank fees, checks, letters of credit,

and drafts typically made between a customer of a bank (including a foreign bank) and the bank itself.

12. "Transactional Data" shall include information regarding each transaction, including but not limited to sender, recipient, amount, date, counterparty bank and correspondent bank.

13. "UBS Account" shall mean the account at UBS for Tochos Holding with International Bank Account Number ("IBAN") CH610024024088097460T.

14. "UBS Account Representatives" shall include accountholder(s), beneficial owner(s), authorized signator(ies) and power(s) of attorney, or any other party (not employed by UBS) with authority to access information and documents concerning, and direct activity for, the UBS Account.

15. "You," "Your" and/or "UBS" shall mean UBS AG and any parents, subsidiaries, affiliates, branches, segments, or divisions both presently existing and those that previously existed, and any present or former officers, directors, employees, consultants, contractors, agents, members of the board of directors, or members of the board of trustees for UBS AG.

16. The terms "any" and "each" should be understood to include and encompass "all."

17. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meeting.

## <u>INSTRUCTIONS</u>

1.      The obligations and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure are incorporated in this Request.  A copy of Rule 45 sections (c), (d), (e) and (g) is attached to the subpoena.

2.      Unless otherwise stated in a specific Request, these Requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed from March 1, 2012 through August 31, 2013.

3.      With respect to the Documents produced, You shall produce them as they are kept in Your usual course of business, including, if applicable, in their native format. A draft of a Document is unique and separate from the final version of that Document. All drafts of each Document are to be produced, without abbreviation or redaction.

4.      Each Request seeks production of each Document in its entirety, without abbreviation or redaction, including, without limitation, all attachments, transmittal sheets, notes, cover letters, exhibits, enclosures, and all drafts and non-identical copies of each Document.

5.      Documents attached to each other shall not be separated and shall be produced together.

6.      A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is a separate, unique Document and is not, and shall not be deemed to be, identical to one without such modifications, additions, or deletions.

7.      Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

8.      If no Documents are responsive to a particular Request, You are to state that no responsive Documents exist for that particular Request.

9.      If any Document or any part of a Document responsive to a Request is withheld from production on the basis of any claim of privilege, You shall submit, in lieu of such Document, a written statement identifying: (i) the nature of the privilege (including attorney work product) that is being claimed; (ii) the general subject matter of the Document and a description of the file or other location where it was found; (iii) the type or general nature of the Document (i.e., whether it is a letter, memorandum, invoice, email) and the number of pages of which it consists; (iv) the date of the Document; (v) the author(s) and recipient(s) of the Document; and (vi) the addresses of the Document and any other recipients.

10.    You are further requested to provide all non-privileged portions of Documents containing material over which a claim of privilege has been asserted by excising, concealing, or otherwise protecting the portions for which a privilege is asserted, but only to the extent that such excise, concealment, or other protection is strictly necessary for the purposes of the claim of privilege.

11.    The Requests in this Schedule A are continuing in nature.  If, after producing the requested Documents, You obtain or become aware of any further responsive Documents, You must produce to Defendant such additional Documents.

12.    Unless otherwise indicated, the Documents requested include all Documents in Your possession, custody, or control. Without limitation of the terms "possession, custody, or control," as used in the preceding sentence, a Document is in Your possession, custody, or control if You have actual possession or custody or the right or practical ability to obtain the Document or a copy thereof upon demand from one or more of Your affiliates, parents, subsidiaries, divisions, related companies, predecessors-in-interest, officers, directors,

employees, agents, consultants, representatives, independent contractors, advisors, attorneys, or any other person or public or private entity that has actual physical possession thereof.

13. If a Document is partially responsive, the whole Document shall be produced with no redactions for responsiveness.

14. Any responsive Documents are to be promptly produced to the attention of Mr. Ancira's counsel: Kevin M. Smith and David Norman-Schiff, Wiggin and Dana LLP, One Century Tower, 265 Church Street, New Haven, Connecticut, 06510.

## CATEGORIES OF DOCUMENTS TO BE PRODUCED

1.  All Transactional Data for the UBS Account from March 1, 2012 through August 31, 2013, including but not limited to incoming and outgoing wire, securities and cash transfers, irrespective of currency.

2.  All Documents and Communications concerning the Subject Transactions from March 1, 2012 through August 31, 2013 (unless otherwise specified), including but not limited to:

    a.  Transactional Data;

    b.  Copies of all SWIFT Message Type ("MT") 100s, 200s and 900s relating to each Subject Transaction;

    c.  Any Documents and Communications concerning the (i) amount of each Transaction; (ii) date of each Transaction; (iii) originating (in the case of inflows) or recipient (in the case of outflows) account(s) for each Transaction; (iv) beneficial owner(s) of the originating or recipient account(s) for each Transaction; (v) identity of intermediary bank(s) for each Transaction; (vi) stated purpose or reason for each Transaction, and any other details relating thereto; (vii) special instructions relating to each Transaction; and (viii) any other details provided for each Transaction;

    d.  Any Documents and Communications between UBS and UBS Account Representatives as well as those exchanged among UBS employees (e.g., between Compliance Officers and the relationship managers ("RM[s]") for the UBS Account) regarding the Subject Transactions, including but not limited to discussions concerning the purpose, origin (in the case of inflows) or destination (in the case of outflows) of the Transactions;

e.      Any Contracts, Agreements or Invoices relating to, supporting, or purporting to justify each Subject Transaction;

f.      Any Documents and Communications concerning the identity of the individuals or entities that approved and/or authorized each Subject Transaction, including but not limited to Communications exchanged between UBS and UBS Account Representatives and internally among UBS employees;

g.      Any Documents and Communications concerning due diligence performed by UBS in connection with the Subject Transactions from March 1, 2012 through the present, including but not limited to Communications exchanged between UBS and UBS Account Representatives and internally among UBS employees;

h.      Any Documents and Communications concerning any Know-Your-Customer ("KYC") information relating to the individuals or entities that approved and/or authorized each Subject Transaction, including but not limited to copies of UBS due diligence reports, third-party reports (if any) and information that UBS identified through open source searches (e.g., WorldCheck, Lexis-Nexis, Google), both at the time of account opening and in connection with periodic client reviews post-account opening (if any), as well as Communications exchanged between UBS and UBS Account Representatives and internally among UBS employees;

i.      Any Documents and Communications concerning any anti-money laundering ("AML") alerts triggered by UBS's transaction monitoring system in connection with the Subject Transactions (including copies of the AML alerts and explanations provided in response to any such alerts by UBS personnel and UBS Account

Representatives) and any AML and due diligence investigations that UBS conducted in connection with each such alert;

j.    Any Documents and Communications concerning any suspicious activity reports ("SARs") filed with the relevant money laundering authority in connection with each Subject Transaction from March 1, 2012 through the present; and

k.    Any other Documents and Communications concerning any divergent, errant, or otherwise suspicious Subject Transaction(s).